# CHARLESTON.

CLARENCE A. PAINTER v. T. W. HEIRONIMUS, et als.

Submitted October 28, 1924.　Decided November 25, 1924.

1. COUNTIES—*Petition for Removal of County Court Commissioners for Misconduct in Office Held Not Demurrable.*

Where a petition is filed under the provisions of chapter 7, section 7, and Chapter 28-a, section 12, of the Code, the purpose of which is to remove the Commissioners of the County Court for official misconduct in office, it is not necessary that said charges be set out in the strict form of an indictment, and a demurrer thereto should be overruled if the petition is sufficiently explicit to inform the defendants of the charges they are required to answer. (p. 583.)

(Counties, 15 C. J. § 99).

2. SAME—*Unsupported Petition for Removal of County Court Commissioners for Misconduct Should be Dismissed.*

Where a petition is filed by a resident taxpayer to remove from office two Commissioners of the County Court for official misconduct in office, and for violations of the statutes subjecting them to removal, if the uncontroverted facts proved fail to support the allegations of the petition, and it appears that the statute referred to in the petition has not been violated, the petition should be dismissed. (p. 584.)

(Counties, 15 C. J. § 99).

3. HIGHWAYS—*Expenditure of County Funds by County Court Commissioners to Attend Road Exhibition to Select Machinery for Extensive Road Building Program Not Unlawful.*

Where a county court has under its supervision an extensive road building program, consisting of thirty miles of concrete road, and over three hundred and fifty miles of unfinished roads, and it becomes necessary for the county court in the near future to purchase certain machinery to be used in the completion and maintenance of said roads, it is not unlawful for the county court in good faith to expend from the county funds reasonable and necessary expenses for its members, and the county road engineer, to attend a road exhibition where the various types of modern road machinery, and the modern methods of road construction, and materials used in road construction are exhibited and demonstrated. The object of the Commissioners and the County Road Engineer in attend-

ing the said show being to inform themselves so that they might be able to purchase the best road machinery available at the least expense to the county, and to inform themselves as to the modern methods of constructing roads of the different types now constructed and to be constructed in the county, and also to inform themselves as to the best material used in the construction of same. (p. 584.)

(Highways 29 C. J. § 343).
NOTE: (Parenthetical references by Editors C. J.—Cye. Not part of syllabi.

Error to Circuit Court, Taylor County.

Action by Clarence A. Painter against T. W. Heironimus and others. Judgment for plaintiff and defendants bring error.

*Reversed; petition dismissed.*

*William P. Samples,* for defendants in error.

*O. E. Wyckoff* and *Robinson, Warder & Robinson,* for plaintiff in error.

McGINNIS, JUDGE:

Clarence A. Painter, on the 9th day of February, 1924, filed in the circuit court of Taylor County, West Virginia, his petition for the removal from office of T. W. Heironimus, W .H. Goodwin, and John Ross, as the commissioners of the County Court of said county, which petition is as follows:

"Clarence A. Painter avers that he is a citizen, resident and taxpayer of the county of Taylor; and he further informs the court and avers that John Ross, W. H. Goodwin and T. W. Heironimus are the duly elected and qualified commissioners of the county court of Taylor County, and are the acting members of said county court; that as such commissioners, acting as the county court of Taylor County the said John Ross, W. H. Goodwin and T. W. Heironimus, on the 7th day of January, 1924, in the said county of Taylor, and while then and there acting as the county court of said county, did, without any authority of law so to do, wilfully misappropriate and waste the public funds belonging to the said county of Taylor, and unlawfully expended the same, when not expressly au-

thorized by law so to do, by then and there authorizing and causing to be issued by said county court, an order or draft for money, drawn upon the funds of the said county, in the sum of five hundred (500.00) dollars, payable to Angus Ferguson which said order or draft was paid out of the county funds of said county, in the sum of five hundred ($500.00) dollars to the said Ferguson, and which was by previous arrangement between the said parties afterward disbursed by the said Angus Ferguson to the aforesaid members of the County Court of Taylor County, and used by them to pay their personal expenses on a trip to the city of Chicago, in the state of Illinois; that said county order or draft aforesaid, was issued by the aforesaid members of the said county court for the express and only purpose of obtaining said money out of the county funds, to be used by the said John Ross, W. H. Goodwin and T. W. Heironimus in paying their personal expenses from the city of Grafton, Taylor county, West Virginia, to and from the city of Chicago, in the state of Illinois, before making the trip, and was afterwards so used by them; all of which was a wilful waste and misappropriation of the county funds of the county of Taylor, and an expenditure of public money not expressly authorized to be expended, and constitutes official misconduct, and against the statutes in such cases made and provided.''

''The aforesaid Clarence A. Painter, citizen, resident and taxpayer of the county of Taylor, therefore prays that these charges against the said John Ross, W. H. Goodwin and T. W. Heironimus may be entered of record by the court, that proper process may be issued thereon, according to section seven (7) chapter seven (7) of the code of West Virginia, 1923, against the said John Ross, W. H. Goodwin and T. W. Heironimus and that upon a hearing of the charges herein, and upon satisfactory proof thereof, that the said John Ross, W. H. Goodwin and T. W. Heironimus may be removed from office, and dealt with according to law.''

After a motion to quash and a demurrer had been overruled the defendant John Ross filed his separate answer in

97. W. Va.

which he specifically denies every material allegation of the petition; and the defendants W. H. Goodwin and T. W. Heironimus each filed their separate answers to the petition denying the allegations charging them with wilful misappropriation and waste of public funds of Taylor county without any authority of law so to do, and deny that they unlawfully expended the same. A hearing was then had before the judge of the circuit court of Taylor county, at the conclusion of which the said judge was of the opinion that the allegations of the petition had been sustained by the evidence and accordingly ordered that the defendants, W. H. Goodwin and T. W. Heironimus be each removed from the office of commissioner of the county court of Taylor county, and also ordered that they should not thereafter discharge the duties of said office. The court further found that the allegations of the petition had not been sustained by the evidence as to the defendant John Ross, and the proceedings were ordered dismissed as to him. And from this decision the defendants W. H. Goodwin and T. W. Heironimus obtained a writ of error and supersedeas.

The facts are that from the 14th to the 18th of January, 1924, there was held in the city of Chicago an exhibition and demonstration of the modern methods of constructing and maintaining roads, and of modern and proper road materials, machinery and equipment used in the construction and maintenance thereof; that at this time the county of Taylor had a very extensive program of road construction, involving the building of about thirty miles of hard surfaced roads, at a cost of about one million dollars, and in addition to this program the county commissioners were charged with the responsibility of maintaining the other public roads of the county; that said exhibition was of national import, and of exceptional educational and informative value to all persons interested in road building and maintenance, and in road materials, machinery and equipment; that said county commissioners, Goodwin and Heironimus and County Road Engineer Angus Ferguson, attended the exhibition in order that they might properly inform themselves as to the most modern and proper way to construct and maintain the roads

under their supervision, and to inspect the machinery and road building implements there on display; that they attended this meeting and paid their necessary exepenses out of money drawn from the county funds by the said commissioners; that at the regular public session of the county court, held in August, 1923, when the levy was being made up, the $500.00 drawn by the commissioners for paying their expenses to Chicago was provided for; that the draft drawn for the said money states on its face that it was drawn for "Incidental expenses coming up between court meetings," and on the back thereof is written, "For cash for freight and expenses"; that said commissioners and Ferguson filed their separate expense accounts, and that the aggregate sum of money expended by them on said trip was $260.00 and that the balance of the $500.00 was returned to the fund from which it was drawn.

The plaintiff instituted this action under and by virtue of the provisions of chapter 7 section 7 of the code and the petition also charges the defendants with having violated some of the provisions of section 12, chapter 28-*a*. The provisions of chapter 7, section 7, pertinent to the case follow:

> "Any county or district officer or any member of the board of education may be removed from office for official misconduct, incompetency, habitual drunkenness, adultery, neglect of duty or gross immorality. The wilful waste of public funds shall be deemed neglect of duty and official misconduct in said office. The charge against any such officer shall be reduced to writing and entered of record by the court, and a summons shall thereupon be issued by the clerk of such court containing a copy of the charges, and requiring the officer named therein to appear and answer the same on a day to be named therein, which summons may be served in the same manner as a summons commencing an action may be served, and the service must be made at least five days before the return day thereof. And the court itself shall, without a jury, hear the charges and upon satisfactory proof thereof remove any such officer from the discharge of the duties of his office, etc."
>                  97, W. Va.

There was a demurrer to, and a motion to quash the pe-
tition, both of which were overruled by the court. The motion
to quash was based upon the insufficiency of notice. Defend-
ants insist they were entitled to twenty days' notice under
the provisions of section 12 chapter 28-*a* of the code. This
petition contained charges of the violation of section 7 chap-
ter 7 of the code, to wit, that the defendants did wilfully
misappropriate and waste the public funds of Taylor county.
It also charges that by reason of having done the specific
things charged in the petition "all of which was a wilful
waste and misappropriation of public funds of the county of
Taylor and an expenditure of public money not expressly
authorized by law, and constitutes official misconduct, and the
statutes in such case made and provided." It seems that this
petition, while it alleges that the ordering of the draft in ques-
tion and the collection of the money thereon, and the expendi-
ture of same was an expenditure not expressly authorized by
law, it does not specifically charge that the defendants did
expend the money of said County for a purpose "Not express-
ly authorized by law." Th's is one of the prohibited things
in Section 12, Chapter 28A. The petition also charges the
defendants with expending the money of the County of
Taylor without authority of law so to do, which is also pro-
hibited by said section. These two phrases "not expressly
authorized by burden of proof may now be considered under
the defendant's third assignment of error, which is the ruling
of the court upon the defendant's motion to exclude the evi-
dence.''

The county courts of the several counties of the state are
vested by law with the general supervision of all the roads in
the county of which they are commissioners, except the roads
which are built and maintained by the state and national
governments. The County Court of Taylor County has under
its supervision more than three hundred miles of road which
it is required by law to maintain, a part of which is hard sur-
faced. The County Road Engineer, subject to the approval
of the County Court, is authorized to purchase machinery
for use upon the county-district roads, such as stone crushers,
road rollers, traction engines, road machine for scraping and
grading, tools and other implements. Section 116, Chapter

43, of the Code. In this case the uncontradicted testimony of the County Road Engineer is to the effect that at the time it was necessary for the county to purchase some new machinery for use on the county-district roads. Also it is in evidence that the county had under contract more than thirty miles of hard surfaced roads, a part of which had been completed and accepted by the county, and that it would soon be necessary to purchase new machinery to properly maintain the same. The defendants admit they did not attend the road show for the express purpose of purchasing new machinery at that time, they further state that at that time the County Court did not have funds with which to purchase said machinery for the county. But they say they made the trip anticipating the time when they would be compelled to purchase new machinery, and that they had in mind a number of implements they would have to purchase in the very near future, and that while attending this show these implements were demonstrated to them, and that by reason of these demonstrations they have become acquainted with the different makes of machines, and hence when the time comes will be able to purchase the needed machinery with discretion and at the least expense to the county.

The record fails to disclose any evidence tending to support the allegations of the petition, that the expenditure was a wilful waste of public funds of the county. There is no evidence that there was any waste of public funds, and it follows that if there was no waste there could be no wilful waste, as charged in the petition. This question was one of fact and not of law. The only point of merit offered by the petitioner was that the defendants did not attend this meeting with an intention of purchasing material for the county, but this has been disposed of above and needs no further comment here. The defendants produced numerous witnesses who offered to testify that in their opinion the money was well spent and not wasted. These were business men mostly from the city of Grafton. The admissibility of their evidence is a doubtful proposition, and there being no evidence to support the allegations of the petition upon the question of fact alleged therein, that the expenditure was a wilful waste of public funds, it will not be necessary to pass upon its admissibility.

County courts are entrusted with the general supervision and construction of the public roads of the several counties. They establish and construct new roads, and maintain all the county-district roads, and they are empowered to approve the purchase of machinery to be used in the construction and maintenance of the county-district roads, and we are of the opinion that considering the many and varied legitimate expenditures necessarily required to be expended by the county courts which are not expressly authorized or provided for by law, that the court could have applied a more liberal construction to this statute—the legislature certainly did not intend that every item of expenditure made by a county court should be expressly authorized by law. The County Court was at the time contemplating new machinery to be purchased and used on the roads. Were not the tax-payers of the county vitally interested in the character and usefulness of the machinery that was at any time to be purchased by the County Court to be used in the construction and maintenance of the county-district roads? and in the manner in which such roads were to be constructed, and the most durable material out of which to construct and maintain the same? Are the members of the county court supposed to be informed as to what particular type of machinery is the most efficient and the least expensive to the tax-payers of the county? We think not. Then can it be said that the defendants are guilty of official misconduct in office for having ordered and expended this small amount of money in seeking to inform themselves, and the road engineer, upon the subject of road building and road machinery? We think not. If this exhibition was as described in the evidence, it was a place where information of great value to the tax-payer of the county could be obtained and acted upon at any future time. This expense was provided for in August, 1923. The prosecuting attorney was present at the time the estimate was made, it is true he says he does not remember this item being discussed, but he was informed by the clerk that the county court was contemplating this item of expense and expressed his surprise. This was in August, 1923, and the order appropriating the money for this expense was not entered until the 7th day of January, 1924, during all this time though known to the prosecuting

attorney and the clerk of the county court, no protest was filed and no objection was made to this expenditure. The court was under the impression that this expenditure was lawful, and that must have been the opinion of the prosecuting attorney, for the law requires the prosecuting attorneys of the various counties to carefully look after and give attention to the general interests of the county, and it will not be presumed that he failed to give this matter his attention. We are not unmindful of the serious duties of the county court, and of the many restrictions that have been imposed upon them by law, in reference to the appropriation and expenditure of public money, but this expenditure being incidental to the general duties of the county court in the supervision and construction of the roads in Taylor County, we do not think the law has been violated by these defendants.

For the foregoing reasons we reverse the ruling of the lower court, set aside the order entered therein removing the defendants from their respective offices, and dismiss the petition.

*Reversed; petition dismissed.*